IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 23, 2020

## ANTHEA HENDRIX TOUTGES v. JENNIFER MCKAIG

**Appeal from the Chancery Court for Anderson County**
**No. 01CH1436       M. Nichole Cantrell, Chancellor**

_____

**No. E2019-01538-COA-R3-CV**

_____

The Notice of Appeal filed by the appellant, Anthea Hendrix Toutges, stated that the appellant was appealing the judgment entered on August 19, 2019. As the August 19, 2019 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.

Anthea Hendrix Toutges, Knoxville, Tennessee, *pro se* appellant.

Seth R. Granda and Jodi Bernice Loden, Knoxville, Tennessee, for the appellee, Jennifer McKaig.

Jennifer L. Chadwell, Oak Ridge, Tennessee, and Henry D. Forrester, III, Clinton, Tennessee, for the appellee, Joel McKaig.

# MEMORANDUM OPINION[1]

On August 28, 2019, the *pro se* appellant, Anthea Hendrix Toutges, filed a notice of appeal of the Trial Court's August 19, 2019 order. On September 10, 2019, this Court received notice from the Trial Court Clerk that the appellant had removed this case to the United States District Court for the Eastern District of Tennessee. This Court entered an Order on September 10, 2019 staying this appeal "unless and until the case is remanded" to this Court. 28 U.S.C.A. § 1446(d).

On February 24, 2020, the appellant filed a motion to proceed with the appeal in this Court and attached the November 8, 2019 order of the United States District Court for the Eastern District of Tennessee, which *inter alia*, dismissed the case with prejudice and remanded to the Trial Court for further proceedings. This Court ordered the appellees to respond to the motion to proceed with appeal. The appellee Joel McKaig filed a response. The appellee Jennifer McKaig filed a response and also filed a motion to dismiss for lack of a final judgment.

Upon review of the motion to proceed with appeal, the responses to said motion, the motion to dismiss, and the respective accompanying documents thereto, this Court determined that the order to which the Notice of Appeal is directed does not appear to be "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The August 19, 2019 order, which, *inter alia*, modified an existing restraining order, entered another restraining order, and reset the trial date reserving "[a]ll other matters . . . for further hearing," does not constitute a final appealable judgment in this action involving a petition for removal of a conservator.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the August 19, 2019 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The motion to dismiss is hereby granted, and this appeal is dismissed. Costs on appeal are taxed to the appellant for which execution may issue.

**PER CURIAM**